Michael Lehammer from Cedar Rapids, Iowa, on behalf of Christopher Davies. I appreciate the opportunity to be here. Christopher Davies has currently been incarcerated a little over two years and we feel that he should not be incarcerated, that his conviction was erroneous and we ask that the court consider our arguments as well as our briefs. A little bit of background, Mr. Davies pled guilty to state felonies in September of 2016. In October, specifically the 25th of 2016, he possessed some firearms when he took two firearms he owned to the local pawn shop and in his own name, pawned them. He wasn't sentenced until December of 2016. We're here, we believe we have two positions that would allow Mr. Davies getting relief in this case. The first one is the one we briefed prior to June of this year and that involves the fact that we believe Mr. Davies was not convicted under Iowa law after he pleaded guilty but before his sentencing for felonies in state court and that the district court's ruling at a bench trial was erroneous based on case law that I'll discuss in a moment. The other issue that we raised, of course, came up in June of 2019 with the Rehave case out of the U.S. Supreme Court which talked about, I've been a lawyer since 93 and it radically changed the 922G proof requirements in that before it was knowingly possessing a gun, now the U.S. Supreme Court says you have to know that you are a prohibited person at the time you possess a gun. And we'll talk a little bit about the facts as applied to this case. In the first argument, the only cases of significance cited by the… Counsel, can I be heavy handed for a second? Absolutely. Do I understand that the government concedes that there's an error on the Rehave, how do you say it, Rehave? Rehave. Rehave, good, that's why I say it too. That there's an error and it's plain and the only issue is prejudice. Is that right? I can't believe that. No, no, but that's what they say, correct? That's what they say, your honor, yes. And that would handle this whole case, right? That would, I believe so. Now, is there prejudice? I believe absolutely there's prejudice. He's been doing more than two years for an element of the offense that wasn't proven at his trial in the first place. It's a fact question, it's not a legal question that the court can consider in the proof required to show that he knew he was… I don't think the prejudice is that he's serving time. I think the prejudice is he's got to show a reasonable probability of a different outcome. Absolutely. And the different outcome is, is he's serving time for a crime of which one of the elements was not proven by the government. Let me give you an example. Let's say that your client had three convictions and it served five years on each one of them. I think he'd have a very difficult time carrying a burden of showing a reasonable probability of a different outcome because the government would say he served more than a year and he had three of them and he knew they were convictions. It's unlikely he's going to win that, right? Correct. Tell me why your case is different. Well, in this case, my client had not been convicted of any felonies prior to… Well, it depends on your… He had not pled or was found guilty of any felonies prior to September of 2016. September of 2016 is the first time that he had pled to any felonies and in December the first time he had been sentenced to any felonies. So we're back to your first issue as the heart of this? I believe the first issue is the heart of it. I think rehafe is just gravy on the potatoes, Judge, in that the complete lack of proof on the knowing possession. Well, doesn't the Iowa law mean it's determined at the time guilt is found? I don't believe so. Not unless it passes the Schilling test, which we believe is still good law under Iowa Supreme Court. Tong talks about it. Olson talks about it. Klusner talks about it. Reth talks about it. In the Reth case, the district court, a few years prior to this decision, went through the factors of Schilling and found that a person who had pled and received a deferred was prohibited under 922G3. The court itself applied that. But the problem with the district court's opinion in this case is all of the cases they deferred judgment. It all involved conduct after the deferred judgment was received. Whether you're talking about Tong, who possessed a sawed-off shotgun the same year after he received the deferred judgment while he was on probation. Olson involved a no-contest plea in Wisconsin while he was on the deferred judgment conditions, possessed firearms. The specific holding of Tong was a deferred judgment constitutes a conviction where a defendant has not completed his term of probation. That's the specific holding of Tong. We're not there in this case. My client had not been sentenced. He had only pled guilty. One of the significance of Tong is... Now, wait, wait. I'm sorry. I went by you. But the Olson case quotes the concurring opinion in Tong. I'm reading the words right. A defendant's guilty plea in anticipation of the court granting a deferred judgment is a conviction. They're still talking about a deferred judgment in this case. Yeah, but it says in anticipating the deferred judgment. Correct. That's just as... That means before, right? Anticipation means before. It does. It's also the concurrence. It's not the holding... The Olson case, right? At page 371, footnote one of the Olson case, it adopts the Tong-Wiggins concurring opinion. Tell me if I'm wrong. I believe you're correct that the Olson does state that. But Olson, it was decided on the context of the Wisconsin no-contest plea. And the district court in Olson also said that being placed on probation was a critical criterion in that case. One of the significance of Tong is that the Supreme Court left open the question of whether a deferred judgment is a conviction when the defendant has successfully completed his probation and his discharge. That's a crazy idea that a person who has... How can the court now say that a plea alone is a conviction making you a prohibited person even before you're put under any restrictions when the Iowa Supreme Court says that you can have a conviction via a plea and a deferred judgment. And if you successfully complete it, no conviction. That just goes to show the Iowa Supreme Court status on their interpretation of whether a plea is a conviction. And I think it goes back to Schilling. Tong talks about Schilling, even though the district court in this case said Schilling was overruled implicitly. Well, Schilling is cited three times in the Tong opinion, and a fourth time if you count Justice Wiggins' reference to it. And again, you're in the context of a plea with a deferred judgment. Counsel, you stipulated defendant pled guilty to two felonies. Correct. Paragraph four. Correct. He did plead guilty to two felonies. That doesn't mean he was told there were felonies at the time. He was told they were in excess of one year. Under Iowa law, they were felonies. I think we're getting back to Rehafe in that reference. Again, with Rehafe, it's a factual issue as to whether or not any proof has been shown to the court that he knew he belonged to the relevant category of people. Well, the plea hearing transcript of the Iowa at page three says that he took possession of two. Is that enough? You've looked at the plea colloquy. I have. Okay. What do you think about page three of the plea colloquy? That he took possession of the guns when he pawned them? Yeah. He absolutely had possession October 25th when he took them to the pawn shop. The argument could even be made he had constructive possession during the next 30 days when he could have redeemed them. But after the 30 days, they're gone forever. So by the time he got sentenced in December, he no longer even had constructive possession of those firearms. I'd like to reserve the rest of my time. Can I ask you one quick question? Yes, Your Honor. At a footnote in their letter, they claimed that if we do, let's go back to rehafe, that's the easiest way for me to do it quickly for you, that we can still send this back for a new trial. What do you think about that? I noticed you didn't reply directly to it. We cited some case where it may be double jeopardy that we asked the court to look at. I think worst case scenario, it gets remanded back to the district court for a trial on the determination of whether or not he knew, he meaning Mr. Davies, knew he was a prohibited person at the time he possessed the guns. Thank you, Your Honor. Thank you. And may it please the court, Mr. LaHammer, I would like to begin with the point that was asked about the nature of the government's concession with respect to plain error in the letter briefing. Our concession is that rehafe applies to cases such as this one that are on direct appeal. And therefore, to the extent rehafe holds that one must know the relevant status, now granted that case was not a 922 G1 case, that the failure for that to be in the judge's findings after the bench trial is plain because plain is determined at the time of appellate consideration. We are not saying, however, that how rehafe gets sorted out and what exactly the knowledge element applies to in a 922 G1 proceeding is plain here. Do you think, you keep saying it's not a 922 G case, do you think that matters? Well, I think the Supreme Court was clear in rehafe that the knowledge element applies to all illegal alien. This is the more common felon in possession. And the court was clear that it applies to all the 922 G cases. But the court expressly left open the very difficult question that if this court wades into here, into this issue in this case, that this court would be forced to decide. And that question, the answer to that question is not plain. And we do not make that sort of second level concession. And this is where in the letter brief, what I was trying... The answer to what question isn't plain? To what? The question, one of the things that Justice Breyer left open in rehafe was we do not exactly what the government must prove in other 922 G cases, including G1. And what does it mean to know the relevant status? And what the defense here says in their letter brief is that the government has to prove that the defendant knows the ins and outs of Iowa law. That is the defendant knows the definition of conviction. And we do not believe that is required. If that were the case, respectfully, the government would have a very difficult time proving any defendant knew any legal definition. Don't you think under rehafe that the government would have to prove that he knew he was convicted of a crime punishable by more than one year? The government has to prove the relevant status and your honor has recited, I think almost word for word, the statute. However, what exactly the government must prove? Does the government have to prove the embedded legal definition of conviction? Rehafe is... Maybe not. But will you at least concede to me that the government under rehafe has to prove that he knew he was convicted of a crime punishable by more than one year? That is what the government has to prove. The government has to prove the relevant status. So under plain error, I read your brief the same way I think Judge Benton did, that we were here pretty much just on a prejudice argument. And as I understand the prejudice argument, the question is, is there a reasonable probability of a different outcome? Now, why wouldn't he have raised a reasonable probability of a different outcome if he were to testify, I was to get a deferred judgment, I hadn't been sentenced, so I didn't think I was convicted until I was sentenced, number one. Or number two, I got a deferred judgment and I understood that I was never convicted under that. Why wouldn't that a reasonable probability of a different outcome? Well, in this case, the defendant has always said this was purely a legal issue. I mean, the defendant got acceptance of responsibility. That's why we tried it in this way on stipulated minutes. And as we do know from, we put in the transcript, the defendant was advised by the state judge that this was a felony crime punishable by a term, it was greater than a year. And so to answer your Honor's question, the only thing he could say is I didn't know the legal definition of conviction, which of course would apply in all 922g1 deferred judgment, but I thought that wasn't all over until... Isn't that why we have trials though, counsel? I mean, defendant says something and you say it's crazy and the jury says, well, we agree it's crazy or we buy it today. And there's a lot of truth in that, your Honor. But are we really going to treat this differently than we do most other cases where the district judge would instruct the jury on the sort of the law and what the law means, and then the underlying facts the jury would decide. And in this case, as we've argued, and again, I apologize if the letter brief, which I had limited space, I appeared to concede too much. On the issue of what the government must prove in a 922g1, the Supreme Court expressly left that open. And so I don't agree that it's plain error here. But in this case, the way I would envision it is the judge would say... What else could it be under 922g1 other than knowing that you're convicted of a crime punishable by more than one year? That you've been that you've been punished, that you were convicted of a crime punishable by more than one year. And in this case, we have the answer that we know. He was advised and the court found in its written order that he knew the criminal consequences. So technically, you know, he could get more than a year. But I don't know what court you're referring to, because if you look carefully at Judge Reed, she's careful to state the elements. It doesn't have this element in there for sure. You know, the bottom of that one page. And she doesn't find anything on that. She finds all kinds of stuff. But she doesn't find that. So we had a trial, in effect, with the stipulation. So if I can add just one point to that, if you don't mind. And the stipulation is interestingly, maybe it's inadvertent, but it doesn't stipulate to conviction. It stipulates to pled guilty to. Most of the stipulations that I was aware of when I did what you do, we would say he was convicted of a crime. Interestingly here, it just says pled guilty. You'd have a better argument, I think, if it said convicted. It just says pled guilty. Yeah, it'd be game set match then. But see, the thing was, in the district court, the question was, was he convicted? Right? So he wasn't going to, like in your court. There's no evidence on that. See our point? Because I looked, and this is all that was put in was a stipulation, right? This is the whole trial and nothing but the trial. There were two or three exhibits. I'm sorry, I exaggerate. There were two or three exhibits, but this stipulation's it. The pawn agreement, the transcript, and the orders. Correct. That's it. And it doesn't have the word conviction. I do see what you're saying, why it wasn't in there. I get that. Right, right. And it fell in possession. Well, of course the law's changed. Yeah, because in a felon in possession case, when both parties want to, with old chief, get that stipulation, you'd say convicted, right? So here, it was the obverse. We had all the facts, but he didn't want to agree to this legal definition. And it could have been raised in a motion to dismiss with a conditional plea. But in this case, we were, with the district court's agreement, able to have a bench trial. And I did want to note for the court that the trial transcript was not ordered originally because, frankly, this has always been a legal issue. I did order it and it has been prepared now if the court wants to get it from the district court. And I just did that so the court would have it. But again, like in the briefing, I wish to emphasize that this has always been tried as a legal matter. What is a conviction? But you can't stipulate how a jury's going to decide or how a judge's going to decide a case. That's not allowed for you all to stipulate. Right, right. But now we're in a situation, well, what does the defendant deny he knew? It was a conviction. Which is a legal question, which we've always litigated as a true conviction. No, it's what he knew. It's not anymore after Rehave. It used to be. And Rehave may or may not be right, but it is the law. Well, again, I would, and I try to do this in my letter brief, I would distinguish between knowing the relevant status. And when the Supreme Court gave one, there was like one example of a 922 G1. And they imagined the situation, it's like in a parenthetical, I think. Imagine the situation where someone got probation and the government couldn't prove they knew it was actually punishable by more than a year. And that would be a case where maybe there was in a state court, they didn't have the Rule 11 colloquies that we have in federal court. Doesn't seem that that's what the defendant is denying here. So to reverse here, you would have to go to what I would call the second order embedded principle of the legal definition of conviction and whether the government has to prove that he knew that. And we don't think that's a plain error. The Supreme Court has not decided the scope of BRAHEAF and how it applies to 922 G1. I bet we're going to get that in the next year or two. But this court on plain error review, under that plain error standard, we don't believe that error is plain. When I was talking, when I was, when I wrote in the letter brief about the harmlessness, I was intending to refer to the issue of did he know that he had the relevant status in the sense of had he, had he been advised that this was punishable by more than one year. And under oath he said yes. Do we have in the record any transcript or records related to his plea, his state court plea? Yes, we do. The entire transcript was, I believe, exhibit B. B. B, yes. And I have reproduced, before BRAHEAF came along, this was fully briefed. So I think it's actually in here what I've got. Does it in any way indicate that he was told he was now convicted of a felony? I do not believe that was said, that those, that particular language. Is there any evidence that's helpful to you in that, in there that, that suggests that he would have known he was convicted of a crime punishable by more than one year? So, um. Emphasis on convicted. Yes. So, not the word convicted. But again, what I, the way I would see this being argued to a jury post-BRAHEAF, if the defendant wanted to deny that he knew he was convicted in a case like this, then the judge would issue an instruction. You are instructed that under Iowa law, you are convicted when you have pled guilty and the court has accepted your plea. But after BRAHEAF, it's knowing. Yeah. Then you have another sentence. Your issue, jury, is did he know this or not? Right. I think that's right. But the jury gets the instruction that defines the word conviction. Yeah. But it's the other part of that is jury, you find, did he know that or not? Right. That's new. And, and this defendant can't deny that he knew he pled guilty. Oh, yeah, yeah. My lawyer told me. Of course, not pled guilty. Not pled guilty. I'll give you that. Yes. It's a stipulation. Right. But he can deny knowing that he was convicted. Counsel, counsel, you do, you may do post-conviction. They say, my lawyer told me, my priest told me, my mother told me, my, my sister told me that it wasn't a conviction. I believe them. I didn't believe them. Well, I hadn't been, I hadn't been sentenced yet. Yeah. And that, that is why, that is why this court, if it's going to wade into this very difficult issue, and again, I would encourage the court to resolve that part on the plaintiff. No, having a new trial is not a difficult issue. You all did this in minutes. This just took minutes. You barely broke a sweat with these, with this stipulation. It may have been the shortest bench trial ever in the history of the Northern Union. Yeah. I don't think that made a mistake. Knowing Judge Reed, it was, I bet. Well, Judge Reed's efficient. That's right. But I, but I, I would say that the, the word, you know, this court, to, to, to guard against these sort of things where we end up in pure frivolity, the judge should be permitted to and then the, then the jury would decide the underlying facts. And in this case. Yeah. Whether he knew. He can't deny he knew he pled guilty. He can't deny that. But you see, he keeps saying pled guilty. Yes, because the judge would issue an instruction as to what the word conviction means. All he has to know is the relevant status and how that is parsed down through the legal definitions that a court gives in many, many, many cases. Before you finish, can you, can you just succinctly summarize what you think our opinion should state on this issue? Well, I, I think on this issue, the court should say that the issue of exactly what the government must prove under 922 G1 is a question that was left open, open in rehafe. And therefore the district court did not plainly err in finding this defendant guilty. Okay. Very well. Thank you, Your Honor. Mr. Lehammer, I think you have some time left. Thank you. Thank you, Your Honor. One of the things that was just discussed was, was the court having to define conviction for a jury. I'm not sure the court could do that because under Iowa Supreme Court law right now, you have to go through the Schilling factors to, to come up with a conviction. Judge could rule on that and instruct. Judge could absolutely rule on that. One of the things in rehafe that was talked about by Judge Breyer was that the burden was not burdensome of what would have to be proved at a trial. But they also talk about knowledge inferred from circumstantial evidence. That tells me it's not a legal issue. It's not that, that the court can say because he pled, he's a felon and prohibited. There's all the evidence and the evidence in this case shows that Mr. Davies pawned guns, his own guns in his local town under his own name. Certainly wasn't trying to hide anything in that regard. And as I discussed before, I don't think we need to get to rehafe. I think we have a winning argument in our first issue that the court erred when it found that he was convicted under Iowa law. Based on the cases that we set forth, the government and the court put too much emphasis on Tong and Olson and the holdings in those cases when they were pleased and deferred judgments in possession of firearms after the fact. Chilling is still good law. We would ask that the court recognize that. And the government talks about the heavy burden of whether or not they could prove Mr. Davies knew he was convicted. Well, that isn't the standard under rehafe. Under rehafe, it's whether he knew he was prohibited. Not that he knew he was convicted of a crime punishable by more than one year. That's evidence that the jury can consider. And this would certainly be a jury trial, but if it went back down, it would not be another bench trial. And that would be a good jury question based on the circumstantial evidence in this case. We ask that the court- That he knew he was convicted of a crime punishable by more than one year? Well, the rehafe states that the proof element is that the person knew he was a prohibited person. This means a felon. It certainly does. But does the average person know that? If you're told- The Supreme Court says we have to prove it. Exactly. They don't care what the average person thinks. Exactly. And I don't believe- Tell me if I'm wrong. No, I believe that's correct. I believe that's one of the factors. But rehafe says a prohibited person, not necessarily. We know a felony, what a felony is, more than a year, but it's not what rehafe says the proof has to be. Thank you. Very well. We appreciate your arguments today. It's another interesting case. We appreciate your willingness to accept the appointment. And Ms. McKee, does that finish our-